<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4919**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD CALLOWAY, a/k/a Terry Jacob Smith,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:11-cr-00257-RWT-1)

Submitted:  July 26, 2013          Decided:  August 20, 2013

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellant.  David Ira Salem, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Calloway pled guilty pursuant to a plea agreement to one count of carjacking, in violation of 18 U.S.C. § 2119 (2006), and one count of possession and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924 (2006). Calloway's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious arguments for appeal but raising for the court's consideration whether Calloway's sentence was unconstitutional because of the court's consideration of the facts, how it applied the Guidelines or how it applied the 18 U.S.C. § 3553 (2006) sentencing factors. Calloway was notified of the opportunity to file a pro se supplemental brief, but did not do so. The Government did not file a brief. We affirm.

We review Calloway's sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We begin by reviewing the sentence for significant procedural error, including improper calculation of the Guidelines range, failure to consider sentencing factors under 18 U.S.C. § 3553(a), sentencing based on clearly erroneous facts, or failure to adequately explain the sentence imposed. Id. at 51. Once we have determined that the sentence is free of significant procedural error, we must consider the substantive

2

reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only when the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Based on our review of the record, we conclude that there was no procedural or substantive error in the imposition of Calloway's sentence. Further, the district court adequately explained the basis for the within-Guidelines sentence based on the goals of 18 U.S.C. § 3553(a), and we conclude that Calloway has not rebutted the presumption of reasonableness.

In accordance with Anders, we have reviewed the entire record and find no other meritorious issues for appeal. We therefore affirm Calloway's convictions and sentence. This court requires counsel to inform Calloway, in writing, of his right to petition the Supreme Court of the United States for further review. If Calloway requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Calloway.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>